J-A21023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                               :              PENNSYLVANIA
                                               :

                 v.                       :

ANDREW J J. LAVECCHIO       :

         Appellant        :   No. 2869 EDA 2022

Appeal from the Judgment of Sentence Entered October 27, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003654-2019

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:            **FILED NOVEMBER 14, 2023**

Appellant, Andrew Lavecchio, appeals from the Judgment of Sentence entered on October 27, 2022, in the Court of Common Pleas of Philadelphia County, after a jury convicted him of Driving Under the Influence ("DUI"), Homicide by Vehicle, and Homicide by Vehicle while DUI.  Appellant challenges the sufficiency of the evidence and the court's jury instructions.  After careful review, we affirm.

**A.**

We glean the following facts and procedural history from the trial court's opinion.  At around 9:45 P.M. on November 10, 2018, Appellant drove to a gathering at a friend's house in the Fishtown section of Philadelphia where he met Decedent Lennard Besidsky for the first time.  While there, Appellant smoked marijuana.

The group then went to two bars and Appellant drank alcohol until 3:00 A.M. He and Decedent then returned to Appellant's car, where both men used cocaine and Appellant agreed to drive Decedent home.

While driving Decedent home, Appellant crashed his car into a disabled tractor trailer on the side of the road. The impact crushed the passenger side of Appellant's car, killing Decedent[1] and severely injuring Appellant. At the moment of impact, Appellant was driving at 93.2 miles per hour in a 50 mile-per-hour zone, reduced from 118.7 miles per hour 4 seconds before impact. He did not engage the brakes until 2 ½ seconds before impact.

Appellant's toxicology report indicated that his blood alcohol content ("BAC") was 0.19 percent and that he had recently used marijuana and cocaine. Three weeks after the crash, police investigators interviewed Appellant, who informed them that he did not remember anything after his first drink.

On March 7, 2019, the Commonwealth charged Appellant with Involuntary Manslaughter, Recklessly Endangering Another Person, Homicide by Vehicle while DUI, Homicide by Vehicle, DUI, Recklessly Endangering Another Person, and Reckless Driving.[2]

---

[1] Decedent's cause of death was "multiple blunt impact injuries of the head and neck," according to Lindsay Simon, M.D., the medical examiner.

[2] 18 Pa.C.S. §§ 2504 and 2705; 75 Pa.C.S. §§ 3732, 3735, and 3736, respectively.

Appellant proceeded to a jury trial on July 21, 2022. At trial, several witnesses testified, including Trooper Gregory Butler, the Commonwealth's accident reconstruction expert. Trooper Butler concluded that "[Appellant's] intoxication, the speed, reckless driving -- one of those, let alone all of them combined, could have been enough to cause the fatality in this situation, but to have all of them together only goes to prove the recklessness of [Appellant] that night." N.T. Trial, 7/22/22, at 92.

Appellant testified that he was now able to remember that after he and Decedent used cocaine in Appellant's car, Decedent asked him to drive him home and told Appellant that he seemed fine to drive. He further testified that immediately before the crash, Decedent was "making passes at [him]" despite Appellant telling him to stop and pushing his hand away. N.T. Trial, 7/25/22, at 19-20. Appellant also stated that Decedent grabbed the steering wheel after Appellant pushed his hand away, and that Appellant accidentally pushed down on the accelerator when Decedent had touched him. Appellant testified that he had no control of the car when the accident occurred.

On July 25, 2022, a jury convicted Appellant of Homicide by Vehicle while DUI, Homicide by Vehicle, and DUI. The Commonwealth *nolle prossed* the remaining charges. On September 26, 2022, the court purported to sentence Appellant to 5 to 10 years for the Homicide by Vehicle while DUI conviction and a consecutive term of 2 to 4 years of incarceration for the

Homicide by Vehicle conviction.[3]  However, due to a clerical error, the sentences on each count were reversed, rendering Appellant's sentence illegal.

Appellant filed a timely post-sentence motion challenging the weight and sufficiency of the evidence and requesting reconsideration of his sentence. Post-Sentence Motion, 10/4/22, at 2 (unpaginated).  The court denied the motion at a hearing on October 27, 2022.  That day, the court also amended Appellant's Judgment of Sentence to correct the clerical error and imposed the intended original sentence of 5 to 10 years for Homicide by Vehicle while DUI and a consecutive term of 2 to 4 years of incarceration for Homicide by Vehicle.

**B.**

This timely appeal followed.  Appellant raises the following two issues for our review:

> 1. Whether the evidence presented at trial and all reasonable inferences derived therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of the offense of Homicide by Vehicle beyond a reasonable doubt?
>
> 2. Were the Trial Court's jury instructions prejudicial as a whole when [Appellant] was charged with the summary offense of Careless Driving with Homicide by Vehicle?

Appellant's Br. at 1.

---

[3] For sentencing purposes, Appellant's DUI conviction merged with his Homicide by Vehicle While DUI conviction.

## C.

In his first issue, Appellant purports to challenge the sufficiency of the evidence supporting his convictions.[4]  In addressing this challenge, our well-settled standard of review is *de novo*, and our scope of review is limited to the evidence admitted at trial viewed in the light most favorable to the Commonwealth as verdict winner.  ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014).  We determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt."  ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005).  The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence."  ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017).

To sustain a conviction for Homicide by Vehicle, "the Commonwealth must prove beyond a reasonable doubt that (1) [Appellant] violated a Pennsylvania statute (except the DUI statute) . . .relating to operation or use of a vehicle or regulation of traffic, (2) the violation caused the victim's death, and (3) [Appellant's] conduct was either reckless or grossly negligent."

---

[4] In his Statement of Questions, Appellant indicates he is challenging the sufficiency of the evidence for only his Homicide by Vehicle conviction.  ***See*** Appellant's Br. at 1.  However, he raised the sufficiency of the evidence for both convictions in his Rule 1925(b) Statement and has addressed it in his Argument section. We, therefore, will address both.

*Commonwealth v. Sanders*, 259 A.3d 524, 529 (Pa. Super. 2021) (*en banc*), *appeal denied*, 278 A.3d 857 (Pa. 2022); 75 Pa.C.S. § 3732(a). An "appellant may be found criminally liable [for homicide by vehicle] if his actions are determined to be a direct and substantial cause of the decedent's death, even if the decedent's alleged negligent acts were also substantial." *Commonwealth v. Hutchinson*, 621 A.2d 681, 686 (Pa. Super. 1993).

To sustain a conviction for Homicide by Vehicle while DUI, the Commonwealth must prove "that [Appellant] unintentionally caused the death of another person as the result of driving in violation of [S]ection 3802 [the DUI statute]." *Commonwealth v. Cruz*, 71 A.3d 998, 1006 (Pa. Super. 2013); 75 Pa.C.S. § 3735.

**D.**

Appellant first argues that Decedent's own drinking, cocaine use, and choice to ask Appellant for a ride is the "substantial reason for his own death." Appellant's Br. at 8. Appellant then quotes the standard jury instruction for Homicide by Vehicle and seems to suggest that because he did not know that the tractor trailer was disabled on the side of the road at the time of the crash, he could not have been reckless. *Id*. at 8-9. He also contends that the Commonwealth's accident expert could not pinpoint whether intoxication or reckless driving caused the accident and concludes "[t]he defendant's reckless conduct, § 3736 [sic] was not a sufficiently direct cause of the competing

driver's death to make him criminally liable therefor." *Id.* at 9-10.[5] Unfortunately, Appellant's brief is woefully lacking a cogent argument and we are, as a result, unable to provide meaningful review of his sufficiency challenge.

Our rules of appellate procedure require conformance with particular briefing requirements. Specifically, the Argument section of an appellant's brief must contain citations to the record and to relevant legal authority that supports his arguments. Pa.R.A.P. 2119 (a), (c). When an appellant fails to develop an argument sufficiently for our review, we may dismiss the appeal or find that issue waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal); *see also Commonwealth v. B.D.G.*, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding issue waived where the appellant failed to cite any pertinent authority to support his argument).

Here, Appellant fails to cite to the relevant statutes or notes of testimony and instead quotes jury instructions generally to support his contention that others were at fault for the crash. *See* Appellant's Br. at 7-8, 10. In addition,

_____

[5] Appellant also argues that he should not have been convicted of both Homicide by Vehicle and Homicide by Vehicle while DUI because the elements of the offenses contradict one another. *See* Appellant's Br. at 9. Appellant did not raise this issue in his Rule 1925(b) Statement and it is, therefore, waived. Pa.R.A.P. 1925(b)(4)(vii). Moreover, we have held that a defendant may be convicted of both Homicide by Vehicle and Homicide by Vehicle while DUI that occurred in the same incident because an accident may have more than one cause. *Commonwealth v. Britcher*, 563 A.2d 502, 506 (Pa. Super. 1989), *aff'd*, 592 A.2d 686 (Pa. 1991).

Appellant fails to address the evidence that the Commonwealth presented to the jury or provide any cogent argument to enable us to provide meaningful review. Accordingly, we deem Appellant's sufficiency challenge waived.[6] **B.D.G.**, 959 A.2d at 371–72.

## E.

In his second issue, Appellant asserts that the court erred in instructing the jury that the predicate traffic offense for Homicide by Vehicle was Driving Vehicle at Safe Speed,[7] where he was only charged with Reckless Driving. Appellant's Br. at 11. Appellant failed to raise this issue in his 1925(b)

_____

[6] Moreover, applying our *de novo* standard of review, our review of the record supports the trial court's conclusion that the evidence is sufficient to meet all elements of both charges. As the trial court observed, the evidence established that Appellant drove at approximately twice the speed limit in violation of 75 Pa.C.S. § 3361, and as a result of this recklessness, he was unable to stop or take other evasive actions to avoid crashing into the disabled tractor trailer on the side of the road. Trial Ct. Op., 1/13/23, at 7. Furthermore, we note, as did the trial court, that the jury found credible the evidence that the combination of Appellant's impairment and speed caused the crash and, therefore, Decedent's death, and found Appellant's testimony that Decedent convinced him to drive, made a pass at him, or grabbed the wheel not credible. **Id.** The jury attributed no weight to Appellant's testimony that the crash resulted from Decedent's actions. **Id.** We decline to re-weigh the evidence. **Commonwealth v. Sebolka**, 205 A.3d 329, 337 (Pa. Super. 2019). Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we agree with the trial court that it was sufficient to prove each element of Homicide by Vehicle while DUI and Homicide by Vehicle.

[7] 75 Pa.C.S. § 3361.

Statement. Accordingly, Appellant waived this claim.[8] *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph . . . are waived."); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (setting bright-line rule requiring strict compliance with Rule 1925(b) requirements).

**F.**

In sum, we conclude that Appellant waived his challenges to the sufficiency of the evidence and the jury instructions.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023

_____

[8] Appellant also waived this claim by failing to object to the jury instructions prior to deliberation. N.T. Trial, 7/25/22, at 117. ***See Commonwealth v. Gomez***, 224 A.3d 1095, 1102 (Pa. Super. 2019) (internal citations omitted) ("[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver.").